IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MOODY, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | No. 3:17-cv-00611 Judge Trauger |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Pending before the court are the following motions filed by pro se movant Christopher Moody: "Motion for Extension of C.O.A. and for Sentencing Transcripts" (Doc. No. 45), Motion for Reduction of Sentence (Doc. No. 47), and "Motion to Review Mandatory Minimum Penalties & Changes to 851 Enhancements for Repeat Offenders." (Doc. No. 53). The government has responded to Moody's "Motion to Review Mandatory Minimum Penalties & Changes to 851 Enhancements for Repeat Offenders." (Doc. No. 55).

**I.     Background[1]**

Following a jury trial in November 2013 before the Honorable William J. Haynes, Jr., Moody was convicted of eight counts related to drug trafficking and firearms. Relevant here, four of those counts—Counts Five, Six, Nine, and Twelve—carried mandatory life sentences due to the combination of three statutory factors.

---

[1] A detailed recitation of the pertinent facts appear in the court's memorandum opinion denying Moody's post-conviction claims (Doc. No. 40) and the court's memorandum opinion denying Moody's motion under Section 404 of the First Step Act (Crim. Doc. No. 3392). The court incorporates those facts herein. Further, for ease of reference, the court will cite to Moody's criminal case, No. 3:09-cr-00240-21, as Crim. Doc. No. __.

1

First, each of those counts alleged that the enhanced penalty provisions of 21 U.S.C. § 860 applied because Moody manufactured or distributed drugs, in violation of 21 U.S.C. § 841(a)(1), within 1,000 feet of a school zone. (Crim. Doc. No. 2468 at PageID #12783-86).

Second, the penalty provisions of Section 860 require that "[p]enalties for third and subsequent convictions shall be governed by Section 841(a)(1)(A) of this title." 21 U.S.C. § 860(b). The Sixth Circuit has held that this third-and-subsequent-convictions provision "clearly provides that a person who violates § 860 after having been convicted of two prior drug felonies, under certain federal laws or the state laws identified above"—*i.e.*, prior convictions "'under any law of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marijuana, or depressant or stimulant substances'"—"are subject to the penalty provisions of § 841(b)(1)(A)." *United States v. Jenkins*, 4 F.3d 1338, 1342-43 (6th Cir. 1993) (quoting 21 U.S.C. § 802(44)); *see also* 21 U.S.C. § 841(b)(1)(A) (2014 ed.) ("If any person commits a violation of this subparagraph or of section . . . 860 . . . of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment . . . ." (emphasis added)).

Third, prior to trial, the government filed an Information under 21 U.S.C. § 851 establishing that Moody had been convicted of four prior felony drug offenses. (Crim. Doc. No. 2488). Under Section 860(b)'s third-and subsequent-convictions provisions, the penalties of § 841(b)(1)(A) applied. Under those penalty provisions, Moody was subject to mandatory life because he had previously been convicted of two or more felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A) (2014 ed.); *see also Jenkins*, 4 F.3d at 1342-42 & n.3 (concluding, in a case involving a drug quantity that would otherwise trigger the penalty provisions of § 841(b)(1)(C), "that a term of life

imprisonment is mandated under §§ 860(b) and 841(b)(1)(A) so long as the two necessary drug felony predicate offenses are established").

Judge Haynes therefore sentenced Moody on February 14, 2014, to an effective term of life imprisonment plus 60 months. (Crim. Doc. No. 2563). At the sentencing hearing, Judge Haynes noted that the enhanced penalty on Counts 5, 6, 9, and 12 was due to the defendant's prior convictions. (Crim. Doc. No. 3247, at 19).

The Sixth Circuit affirmed Moody's conviction and sentence on direct review. *See United States v. Moody*, 631 F. App'x 392, 394 (6th Cir. 2015), *cert. denied, Moody v. United States,* 136 S. Ct. 1689 (April 18, 2016). Moody later filed a motion to vacate his sentence under Section 2255, which this court denied. (Doc. No. 40). The Sixth Circuit denied Moody's request for a certificate of appealability and dismissed his appeal. *See Moody v. United States*, 958 F.3d 485 (6th Cir. 2020). Moody then moved for a sentence reduction under Section 404 of the First Step Act, which this court denied because Moody was sentenced nearly four years after the Fair Sentencing Act took effect and the 2018 Act did not have the effect of changing the penalties that were in effect when he was sentenced in 2014. (Crim. Doc. No. 3392).

**II.    Law & Analysis**

First, Moody's "Motion for Extension of C.O.A. and for Sentencing Transcripts" (Doc. No. 45) is moot as the Sixth Circuit has vacated Moody's Certificate of Appealability and dismissed his appeal.

In his Motions for Reduction of Sentence (Doc. No. 47), and "to Review Mandatory Minimum Penalties & Changes to 851 Enhancements for Repeat Offenders." (Doc. No. 53), Moody seeks relief under 401 of the First Step Act of 2018, which reduced the statutory minimums

applicable to recidivist drug offenders and changed the criteria that trigger those statutory minimums.

The First Step Act of 2018 ("the 2018 Act") was signed into law on December 21, 2018. Pub. L. 115-391 (Dec. 21, 2018). Section 401 the First Step Act reduced and restricted certain recidivism provisions of the Controlled Substances Act, including 21 U.S.C. § 841(b)(1)(A), which previously subjected defendants to a 20-year mandatory minimum sentence for certain federal drug crimes if they were previously convicted of a "felony drug offense." Pub. L. No. 115-391, § 401(a)(2)(A)(i). Section 401 instead subjects defendants to a 15-year mandatory minimum sentence if they were previously convicted of either a "serious violent felony" or a "serious drug felony," which is defined as an offense described in 18 U.S.C. § 924(e)(2) for which (1) the defendant "served a term of imprisonment of more than 12 months" and (2) his "release from any term of imprisonment was within 15 years of the commencement of the instant offense." *Id*. §§ 401(a)(1), (a)(2)(A)(i). Because the definition of "serious drug felony" is narrower than the definition of "felony drug offense," certain prior drug convictions that would have qualified for recidivism enhancements prior to the First Step Act will no longer qualify.[2]

Section 401 of the First Step Act reads: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 401(c). The Sixth Circuit has stated that permitting defendants sentenced before the Act to benefit from Section 401 would render Section 401(c) "useless." *United States v. Tomes*, 990 F.3d 500,

---

[2] As the government points out, while is it not entirely clear from the existing record, it does not appear that Moody would have benefitted from this provision of Section 401, even if it had been in effect at the time, because at least two, and possibly all four, of his prior felony drug offenses likely would have qualified as serious drug felonies. *See* Doc. No. 55 at 5 n.2. In addition, Moody had at least one other conviction that likely would have qualified as a serious violent felony. *See id.*

4

505 (6th Cir. 2021). Therefore, Section 401 does not apply retroactively. *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019); *United States v. Hopkins*, No. 2:16-CR-055, 2020 WL 3625722, at *2 (E.D. Tenn. July 2, 2020) (finding that Section 401 of the First Step Act did not benefit defendant whose sentence already had been imposed prior to December 21, 2018); *United States v. Norman*, 398 F. Supp. 3d 191, 200 n.7 (W.D. Mich. 2019) ("The most natural reading of Section 401 of the First Step Act, however, is that it is not retroactive."). All other Circuits who have addressed the issue agree. *See United States v. Gonzalez*, 949 F.3d 30, 42-43 (1st Cir. 2020); *United States v. Bryant*, 991 F.3d 452 (2d Cir. 2021); *United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019); *United States v. Brunson*, 968 F.3d 325, 335-36 (4th Cir. 2020); *United States v. Staggers*, 961 F.3d 745, 753- 754 (5th Cir. 2020); *United States v. Jackson*, 940 F.3d 347, 353-54 (7th Cir. 2019); *United States v. Shipton*, 793 F. App'x 458 (8th Cir. 2020); *United States v. Asuncion*, 974 F.3d 929 (9th Cir. 2020); *United States v. Ruff*, 795 F. App'x 796 (11th Cir. 2020); *Young v. United States*, 943 F.3d 460 (D.C. Cir. 2019).

Section 401 therefore provides no reason for the court to reduce Moody's sentence. As noted, he was sentenced in February 2014. Section 401 does not apply retroactively to defendants who, like Moody, were sentenced before the First Step Act took effect on December 21, 2018. "[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States,* 567 U.S. 260, 280 (2012). *See United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021) (holding that First Step Act's non-retroactive reduction of mandatory minimum sentence was not an "extraordinary and compelling reason" warranting sentence reduction relating to mandatory minimum sentence of 240 months of imprisonment for defendant's negotiated guilty plea to conspiring to distribute and possess with intent to distribute 50 grams or more of

5

methamphetamine, a sentence which was based on defendant's prior felony drug convictions; "What the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice.").

### III. Conclusion and Order

For the reasons discussed herein, the movant's "Motion for Extension of C.O.A. and for Sentencing Transcripts" (Doc. No. 45) is **DENIED AS MOOT**. The movant's Motion for Reduction of Sentence (Doc. No. 47) and "Motion to Review Mandatory Minimum Penalties & Changes to 851 Enhancements for Repeat Offenders" (Doc. No. 53) are **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge